## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2020, 11:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEY FOR APPELLEE

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shawn Lyndell Lewis, *Appellant-Defendant,* | May 26, 2020 |
| v. | Court of Appeals Case No. 19A-CR-2727 |
| | Appeal from the Vanderburgh Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Gary J. Schutte, Magistrate |
| | Trial Court Cause No. 82C01-1908-F6-5567 |

**Baker, Judge.**

[1] Shawn Lewis appeals his conviction for Level 6 Felony Theft,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

# Facts

[2] On July 25, 2019, at 2:10 a.m, Lewis entered a Walmart store riding an electric shopping cart with a large duffle-like black bag in the basket of the cart. The bag appeared empty when he entered the store. Lewis proceeded to the electronics department and backed up the cart towards a locked glass case that contained Apple products and headphones. After looking around, Lewis then turned toward the glass case, broke the lock, and took items out of the case and placed them in the bag in his cart; Lewis stopped removing items only when other shoppers were in the neighboring aisle.

[3] Next, Lewis rode the cart with the now-full black bag away from the electronics case and back through the store, grabbing some of the plastic bags available at the checkout lanes in the garden center area of the store. He rode around the store some more and eventually rode toward the front of the store, entering a closed self-checkout area. Lewis then left the closed self-checkout area with the cart containing the black bag and plastic shopping bags he had grabbed from the checkout area and exited through the first set of double doors at the front of the store. He parked the cart off to the side and remained in that area for

---

[1] Ind. Code § 35-43-4-2.

approximately six minutes while he placed some items from his cart into the Walmart plastic shopping bags. He then walked out of the second set of double doors to the outside, carrying the shopping bags and wearing the black bag over his shoulders like a backpack. Lewis did not pay for anything before exiting the store.

[4] Later that morning, loss prevention officer David Shepard arrived for work at the Walmart store and was informed about the empty electronics case and possible theft. Shepard reviewed the video footage and went to look at the glass electronics case, and found that "[i]t was empty and where the lock is supposed to be at, that sleeve was broken." Tr. Vol. II p. 36. According to the probable cause affidavit, a few weeks later an officer was dispatched to the same Walmart store in response to a report of a customer refusing to leave; the customer was identified as Lewis and matched the appearance of the person in the surveillance footage from the night of the alleged theft. *See* Appellant's App. p. 14.

[5] On August 12, 2019, the State charged Lewis with two counts of Level 6 felony theft and one count of Class B misdemeanor possession of marijuana.[2] On September 26, 2019, the trial court granted Lewis's motion to sever, and the jury trial held the next day proceeded on one theft charge. On September 27, 2019, the jury found Lewis guilty of Class A misdemeanor theft. Following the

---

[2] During a search incident to Lewis's arrest, the searching officer discovered a small plastic baggie in Lewis's wallet containing a leafy green substance that tested positive for marijuana. Appellant's App. p. 14.

verdict, Lewis pleaded guilty to an enhancement to a Level 6 felony due to a prior conviction. On October 22, 2019, the trial court sentenced Lewis to two years in the Department of Correction. Lewis now appeals.

# Discussion and Decision

[6] Lewis's sole argument on appeal is that the evidence is insufficient to support the conviction. More specifically, he argues that the evidence shows only that he removed the items from the glass electronics case, but that the State failed to present evidence showing the items were never actually purchased or otherwise left behind in the store.

[7] In reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and the reasonable inferences supporting the verdict, and we will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[8] To convict Lewis of theft, the State had to prove beyond a reasonable doubt that Lewis "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." I.C. § 35-43-4-2(a). To "exert control over property" in this context means "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property." I.C. § 35-43-4-1(a). A person's control over another's property is then "unauthorized" if the control is exerted without

the other person's consent. *Id.* § 35-43-4-1(b). Evidence that a person "concealed property displayed or offered for sale or hire" and "removed the property from any place within the business premises at which it was displayed or offered to a point beyond that at which payment should be made" constitutes prima facie evidence of intent to deprive the property owner of part of the property's value and that the person exerted unauthorized control. I.C. § 35-43-4-4(c).

[9] Here, the jury watched the store surveillance video footage showing Lewis entering the store with an electric shopping cart containing a black duffle-like bag, riding to the electronics section, breaking the lock to the glass case, removing items, and heaving the black bag back into the cart. The footage also showed Lewis then leaving the electronics section with the bag in his cart, riding around the store to the garden center, grabbing plastic shopping bags from a closed register, driving the cart into a closed self-checkout area unattended by employees, grabbing more empty plastic bags, and finally pausing between the two sets of exit doors to place some loose items in the shopping bags and exiting the store with the shopping bags and the now-full black bag. The video shows that Lewis made no attempt to proceed to an open register to make any purchases before leaving the store.

[10] Lewis concedes that there is sufficient evidence to show he broke the lock to the glass case and removed the electronics from the case, but claims there is insufficient evidence that Lewis either did not actually purchase the items or "did not leave the items somewhere in the store." Appellant's Br. p. 8. The only case he cites for support is *Purvis v. State*, in which this Court found the evidence

was sufficient to support a conviction of theft where video surveillance footage showed the defendant taking video games, concealing them underneath his clothing and shopping cart, and leaving the store without stopping to pay for the concealed games. 87 N.E.3d 1119, 1122-23 (Ind. Ct. App. 2017), *aff'd on reh'g*. Lewis attempts to distinguish his case by emphasizing the fact that the *Purvis* defendant was ultimately found in possession of the items at his home more than a week later. *Id.* at 1123. But this argument ignores the portion of the opinion where we concluded that the video evidence showing the defendant taking and concealing video games, combined with the lack of evidence showing he either paid for the items or left them in the store, are "circumstances [that] alone would be sufficient to support the determination that Purvis knowingly or intentionally exerted unauthorized control over Walmart's property with an intent to deprive Walmart of the property's value." *Id.* at 1124; *see also K.F. v. State*, 961 N.E.2d 501, 508 (Ind. Ct. App. 2012) ("[T]he theft statute does not require the State to prove that a defendant was found in possession of the stolen property or that the property was later recovered in order to find that a person committed theft.").

[11]     As such, we find that the jury could reasonably conclude from the video footage evidence of Lewis that all statutory elements of theft were supported by sufficient evidence.

[12]     The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.